NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 19, 2020
Decided July 12, 2021

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

Nos. 19-2414 & 19-2395

| | |
|---|---|
| THOMAS ROBERTS AND DIANE ROBERTS, <br>     *Plaintiffs*, | Appeals from the United States District Court for the Southern District of Illinois. |
|     *v.* | No. 3:14-cv-1063 |
| ALEXANDRIA TRANSPORTATION INC., *et al.*, <br>     *Defendants*. | J. Phil Gilbert, *Judge*. |

_____

ALEXANDRIA TRANSPORTATION
INC., *et al.*,
    *Third-Party Plaintiffs-Appellants*,
    *Cross Appellees*,

    *v.*

SAFETY INTERNATIONAL, LLC,
    *Third-Party Defendant-Appellee*,
    *Cross Appellant*.

# ORDER

This case arises out of a car accident in a construction zone. A flagger in the construction zone abruptly turned his sign from "SLOW" to "STOP," prompting Thomas Roberts to slam on his breaks. Another driver, Alexandre Solomakha, rear-ended Roberts, causing him serious injuries. Roberts sued Solomakha and transportation companies Alexandria Transportation, Inc. and Alex Express, LLC.[1] For their part, the Alex Parties filed a third-party complaint for contribution against the general contractor for the construction site, Edwards-Kamalduski ("E-K"), and a subcontractor, Safety International, LLC ("Safety"). E-K settled with the plaintiffs, and the district court dismissed it from the Alex Parties' contribution action with prejudice. The Alex Parties later settled with the plaintiffs, as well.

The Alex Parties and Safety proceeded to trial on the Alex Parties' contribution claim. Before trial, the district court determined that the Alex Parties, Safety, and E-K should all appear on the verdict form. The jury would then apportion fault among them. Based on its interpretation of the Illinois Joint Tortfeasor Contribution Act, however, the court ruled that the Alex Parties would be responsible for E-K's entire share of the liability. The Act provides in pertinent part that "no person shall be required to contribute to one seeking contribution an amount greater than his pro rata share unless the obligation of one or more of the joint tortfeasors is uncollectable." 740 ILCS 100/3. Over the Alex Parties' objection, the district court ruled that E-K's obligation as a settling party was not "uncollectable," and thus Safety could not be liable for any of it. At trial, the jury assigned 10% of the fault to Safety, 15% to the Alex Parties, and 75% to E-K, with the result that the Alex Parties were on the hook for 90% of the total liability for the accident.

The Alex Parties appealed, contesting the district court's ruling that it was liable for E-K's entire portion of liability. Safety cross-appealed, challenging the district court's determination that it owed a duty to the plaintiffs, such that it could be liable in the first place. We agreed with the district court on the duty issue, but we certified the legal issue at the heart of the Alex Parties' appeal—whether the obligation of a settling party is "uncollectable" under section 3 of the Contribution Act—to the Illinois Supreme Court. *Roberts v. Alexandria Transp., Inc.*, 968 F.3d 794 (7th Cir. 2020).

---

[1] Following the parties' lead, we refer to Solomakha, Alexandria Transportation, Inc., and Alex Express, LLC collectively as the "Alex Parties."

The Illinois Supreme Court answered the certified question on June 17, 2021. Its answer was no: the obligation of a tortfeasor who settles is not "uncollectable" under section 3 of the Contribution Act. *Roberts v. Alexandria Transp., Inc.*, No. 126249, 2021 IL 126249 (Ill. June 17, 2021). This means that Safety, as a contributor, is liable only for its pro rata share—or 10%—of the common liability. E-K's share is not "uncollectable," so Safety cannot be liable for any of it. *See* 740 ILCS 100/3. The district court correctly held that the Alex Parties are liable for the remaining 90% of the common liability—which includes E-K's entire share. Given the Illinois Supreme Court's ruling, and our earlier resolution of the duty issue, we **AFFIRM** in full the judgment of the district court.